UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMC CORPORATION,<br><br>        Plaintiff and Defendant-in-Counterclaim,<br><br>v.<br><br>PURE STORAGE, INC.,<br><br>        Defendant and Plaintiff-in-Counterclaim. | Civil Action No.  13-12789-JGD |

**DEFENDANT PURE STORAGE, INC.'S MOTION FOR
LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Scheduling Order issued by the Court, Defendant and Plaintiff-in-Counterclaim Pure Storage, Inc. ("Pure") hereby moves the Court for leave to file an Amended Answer and Counterclaims.  Pure seeks to amend its Counterclaims to add claims of (1) commercial disparagement; (2) defamation; and (3) violations of the Lanham Act, 15 U.S.C. § 1125, against Plaintiff and Defendant-in-Counterclaim EMC Corporation ("EMC").  In support of this Motion, Pure states as follows:

1.       Last November, after EMC sued Pure, Pure filed counterclaims stating that EMC had unlawfully obtained and tested Pure's device, and had started to use (mis)information from the acquisition to harm Pure in the marketplace.  (*See* Dkt. No. 82 (referencing "EMC's decision to have its sales force aggressively compare its products" to Pure's, and "the challenged campaign discrediting Pure's products").)  During discovery, Pure has learned that EMC has continued to unlawfully obtain confidential information regarding Pure's devices, broadened its marketplace misconduct, and published false and misleading statements to disparage and defame Pure.  Accordingly, Pure seeks to amend its counterclaims to include this unlawful conduct.

2. The Court's Scheduling Order set a November 3, 2014 deadline for the parties to amend their pleadings. (Dkt No. 26.) In weighing the timeliness of amendment, of critical importance is whether the moving party has complied with any scheduling-order deadlines for amended pleadings. *See Perry v. Rose*, CIV.A. No. 10-10769-JGD, 2012 WL 3903475, at *4 (D. Mass. Sept. 6, 2012) (allowing plaintiff's motion to amend, and finding that motion to amend, which was filed on deadline for amendments as prescribed by court's scheduling order, was timely). Pure has met this Court's schedule, and its motion to amend is timely.

3. Under the Federal Rules of Civil Procedure, courts weighing motions to amend apply a "liberal amendment policy." *O'Connell v. Hyatt Hotels of Puerto Rico,* 357 F.3d 152, 154 (1st Cir. 2004). Accordingly, the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, motions to amend pursuant to Rule 15 should generally be allowed, unless there is an "adequate reason for [denying the motion], such as undue delay, bad faith, dilatory motive on the part of the movant, or futility of the amendment." *Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000). No such exception applies here, and the liberal standard should be applied.

4. "[T]he assertion of new claims closely related to the original claims are the types of amendments that are generally permissible under [Rule 15]." *Palacio v. City of Springfield,* No. 13-30149-MAP, 2014 WL 2600173, *1 (D. Mass. June 9, 2014); *Savoy v. White*, 139 F.R.D. 265, 269 (D. Mass. 1991) (granting motion to amend where new claims "closely relate[d]" to existing claims). Pure's amended claims are closely related to the same set of facts that supported Pure's original claims.

5. Such amendments filed during discovery and well before trial are not unduly prejudicial. *See, e.g.*, *Fine v. Sovereign Bank*, No. 06CV11450-NG, 2010 WL 3001194, *2 (D.

2

Mass. July 28, 2010) (permitting amendment to complaint approximately one year after original complaint was filed, where discovery was still in process); *Guest-Tek Interactive Entm't Inc. v. Pullen*, 731 F. Supp. 2d 80, 94 (D. Mass. 2010) (finding that "neither bad faith nor dilatory motive" warranted denial of motion to amend, and noting that the parties had not been prejudiced where "no depositions have taken place"); *Palacio*, 2014 WL 2600173, at *1 (allowing amendment where discovery was not scheduled to close for several months, and no depositions had been taken).  Here, discovery is still in progress, neither party has completed substantial document production for all required custodians, and just one (1) deposition has been taken. Fact discovery is not set to close until March 13, 2015, and dispositive motions are not due until July 17, 2015.  Trial in this matter is not scheduled until December 2015, more than a year in the distance.  (Dkt. No. 26.)

6.     Allowing Pure to pursue its claims in their entirety will not prejudice EMC.  The facts are similar to those underlying Pure's original claims.  Discovery is already being conducted on EMC's theft of and misuse of Pure's Flash Array product and EMC's subsequent misrepresentations to customers about the Pure Array.  Accordingly, key relevant documents are readily-accessible or already-produced.  Moreover, the timing is no surprise—even before the Court's Scheduling Order entered, the parties *agreed* to the deadline for amending claims.  (Dkt. No. 22, Joint Statement Pursuant to Local Rule 16.1(D).)

7.     The amended claims will not fundamentally alter the scope or trajectory of this litigation, and there will be no resulting prejudice to EMC.

## **CONCLUSION**

In accordance with the liberal amendment standard of Rule 15(a)(2), Pure should be allowed to pursue its counterclaims of commercial disparagement, defamation, and Lanham Act violations against EMC. Pure respectfully requests that the Court grant it leave to amend its

responsive pleading. Pure's proposed Amended Answer and Counterclaims is attached as Exhibit A.

          Respectfully submitted,

          PURE STORAGE, INC.

          By its Attorneys

          */s/ Michael N. Sheetz*
          Michael N. Sheetz (BBO #548776)
           *msheetz@cooley.com*
          Adam S. Gershenson (BBO #671296)
           *agershenson@cooley.com*
          Kelly M. McClure (BBO #678914)
           *kmcclure@cooley.com*
          Courtney A. Caruso (BBO #687642)
           *ccaruso@cooley.com*
          COOLEY LLP
          500 Boylston St.
          Boston, MA  02116-3736
          Tel.:  (617) 937-2300

Dated:  November 3, 2014          Fax:  (617) 937-2400

## **CERTIFICATE OF SERVICE**

I, MICHAEL N. SHEETZ, certify that on November 3, 2014, this document filed through the ECF system will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF).  Paper copies will be sent to all non-registered participants.


                        */s/Michael N. Sheetz*
                        Michael N. Sheetz

## **CERTIFICATION UNDER LOCAL RULE 7.1(a)(2)**

I, Adam S. Gershenson, hereby certify that on November 3, 2014, I conferred by telephone with Anita Spieth, Esq., counsel for EMC, in good faith attempts to resolve or narrow the issues presented by this Motion and Memorandum in Support thereof.  Counsel for EMC indicated to me that EMC would review Pure's proposed Amended Answer and Counterclaims, and that counsel for EMC would contact the Court in the event EMC decides not to oppose Pure's Motion to Amend.



*/s/Adam S. Gershenson*
Adam S. Gershenson